# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2833

_____

United States of America

*Plaintiff - Appellee*

v.

Paula Jean Pudil

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: March 12, 2015
Filed: April 16, 2015
[Unpublished]

_____

Before WOLLMAN and COLLOTON, Circuit Judges, and WHITE,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern
District of Missouri, sitting by designation.

Paula Jean Pudil appeals from the sentence imposed by the district court[2] at resentencing following a successful motion to vacate her sentence under 28 U.S.C. § 2255. For the reasons set forth below, we dismiss the appeal.

Pudil pleaded guilty to conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). In her written plea agreement, Pudil waived her right to challenge her sentence, unless the district court imposed a sentence greater than the maximum recommended by the United States Sentencing Guidelines Manual (Guidelines). In exchange, the government agreed to move under 18 U.S.C. § 3553(e) for a downward departure from the 240-month mandatory minimum sentence required by statute. Pudil's advisory Guidelines sentence was 240 months—the statutory mandatory minimum—and the district court imposed a 138-month sentence.

Pudil's attorney did not file a notice of appeal. Pudil later moved to vacate her sentence under § 2255 for ineffective assistance of counsel, claiming that she had asked her attorney to file an appeal. The district court granted Pudil's motion, vacated her sentence, and resentenced Pudil to 138 months' imprisonment, stating that it had "no legal authority to impose any sentence other than the sentence that [it] previously imposed."

Pudil appeals, arguing that she was entitled to *de novo* resentencing. Pudil's appeal, however, falls within the scope of the plea waiver because it constitutes a challenge to the below-Guidelines sentence imposed by the district court. Pudil does not argue that she failed to knowingly and voluntarily enter into the appeal waiver, and we conclude that enforcing the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 890-92, 894 (8th Cir. 2003) (en

[2]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

banc) (holding appeal waiver enforceable when the defendant did "not claim that he failed to enter into an appeal waiver knowingly and voluntarily" and enforcing waiver would not result in miscarriage of justice).

The appeal is dismissed.

_____